## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JERRY GOODRICH,                                CASE NO.:

     Plaintiff,

v.

4 WINDS MANAGEMENT
SOLUTIONS LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JERRY GOODRICH ("Plaintiff" or "Mr. Goodrich"), by and through undersigned counsel, files this Complaint against Defendant, 4 WINDS MANAGEMENT SOLUTIONS LLC ("Defendant" or "4 WINDS"), and states as follows:

## NATURE OF THE SUIT

1.     This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2.     Mr. Goodrich was an employee who performed services on behalf of Defendant in Pasco County, Florida, and nearby/adjacent counties.

3.     4 WINDS is a Florida limited liability company located in New Port Richey, Pasco County, Florida, and which, at all times relevant, performed work in Pasco

County, Florida.

4.      Jurisdiction is proper in this Court, as the claims are brought pursuant to

the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"),

to recover unpaid overtime wages, an additional equal amount as liquidated damages, to

obtain declaratory relief, and reasonable attorneys' fees and costs.

5.      Venue is proper in this Court, as the actions giving rise to this lawsuit

occurred in Pasco County, Florida.

### FLSA COVERAGE

6.      At all times material hereto, Defendant was, and continues to be an

"employer" within the meaning of 29 U.S.C. § 203(d).

7.      At all times material hereto, Plaintiff was an "employee" within the

meaning of the FLSA.

8.      At all times material hereto, Defendant was Plaintiff's "employer" within

the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an

"enterprise engaged in commerce" or in the production of goods for commerce as defined

by the FLSA.

10.     At all times material hereto, Defendant was primarily engaged in

providing parking lot repair, striping, sealcoating, and other parking lot services to local

customers via its premises located in Pasco County, Florida.

11.     At all times material hereto, Plaintiff was "engaged in commerce" within

the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

12.     At all times material hereto, Plaintiff was engaged in the "production of

goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

13.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as trucks, paints, asphalt, tar, and sealcoat, but which had come to rest within its warehouse location in Pasco County, Florida.

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without foremen like Plaintiff.

## FACTUAL ALLEGATIONS

15.     Mr. Goodrich worked for Defendant under the title of Foreman for a parking lot crew from August 15, 2019, through December 2, 2019.

16.     Mr. Goodrich always worked in Pasco County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

17.     Mr. Goodrich had no authority to hire or fire employees of 4 WINDS.

18.     Mr. Goodrich had no authority to discipline employees of 4 WINDS.

19.     Mr. Goodrich had no authority to determine the schedules to be worked by any employees of 4 WINDS, or to change the schedules.

20.     Mr. Goodrich had no authority to set rates of pay for other employees or agents of 4 WINDS.

21.     Mr. Goodrich had no input into performance reviews of other employees or agents of 4 WINDS.

22.     All of Mr. Goodrich's major decisions had to be cleared in advance by one of 4 WINDS's supervisors.

23.     Mr. Goodrich was closely monitored by 4 WINDS's managers and supervisors at all times.

24.     Mr. Goodrich followed procedures established by 4 WINDS and did exactly as he was instructed to do.

25.     Mr. Goodrich's duties were to perform parking lot repair, striping, sealcoating, and other parking lot services.

26.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

27.     Defendant hired Plaintiff at an hourly rate of $14.00 per hour.

28.     Plaintiff regularly worked fifty (50) or more hours per week for Defendant.

29.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period.

30.     When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

31.     Defendant routinely paid Plaintiff at a straight time rate instead of a time-and-a-half rate for overtime hours that he worked, via cash or hand-written check.

32.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

33.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

34.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

35.     Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37.     Based on the allegations in Paragraphs 34-36, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

38.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

39.     Plaintiff reincorporates and re-alleges paragraphs 1 through 38 of the Complaint as though set forth fully herein, and further alleges as follows:

40.     Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

41.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

42.     Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

43.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

44.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

        a.   Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

        b.   Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c.  Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 15th day of June, 2020.

Respectfully Submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*